UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISSAC L. SMITH,<br>  Petitioner<br>  v.<br>THE PEOPLE OF THE STATE OF CALIFORNIA,<br>  Respondent. | Case No. 2:19-cv-10989-JAK (GJS)<br><br>ORDER TO SHOW CAUSE RE: POSSIBLE DISMISSAL FOR UNTIMELINESS AND NONCOGNIZABILITY |

On December 12, 2019, Petitioner filed a document in the United States Court of Appeals for the Ninth Circuit entitled "Motion and Definitive Statements Establishing Jurisdiction that Court May Take Notice on Petition To Review." On December 20, 2019, the Ninth Circuit construed this document as a 28 U.S.C. § 2254 habeas petition and ordered that it be transferred to this District and be docketed as "filed" on December 5, 2019, the date on which Petitioner provided it to prison authorities for mailing [Dkt. 1, "Petition"].

The Petition consists of two things: seven pages of narrative that is difficult to follow; and a copy of a September 2018 California Supreme Court habeas petition, which in itself also is difficult to follow as it consists of various jumbled documents (including a seven-page trial court form habeas petition, the related trial court ruling, three illegible handwritten pages and three typed pages apparently submitted in the

trial court habeas proceeding, a portion of an appellate brief filed in the case of someone named "Alatriste," a copy of a June 2017 trial court petition to recall Petitioner's sentence, and copies of two California Court of Appeal Orders denying habeas relief and a petition for recall of sentence). The Petition does not comply with Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts. It is not on the standard form and does not substantially follow that form. It does not identify a proper Respondent or clearly identify the date and nature of Petitioner's conviction and sentence, nor does it clearly set forth his habeas claim(s). These defects are procedural and, thus, possibly could be rectified with amendment. However, despite the Court's liberally construction of the Petition, it suffers from two fundamental defects that do not appear to be rectifiable with amendment and may require its dismissal for the following reasons.[1]

**BACKGROUND**

The Court has carefully reviewed the Petition and the relevant state court dockets,[2] and as a result, has gleaned the following relevant information.

This case stems from an over 25-year old California conviction and sentence. According to Petitioner, he was convicted of murder in Los Angeles County Superior Court Case No. TA020848, and he was sentenced to 25 years to life on December 27, 1993 (the "State Sentence"). [Petition at 10.] The dockets for the California Court of Appeal show that Petitioner appealed (Case No. B124445) and the judgment was affirmed on November 1, 2000. The dockets for the California

---

[1] Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that a petition for writ of habeas corpus "must" be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

[2] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court has reviewed the dockets available electronically for the Los Angeles County Superior Court, the California Court of Appeal, and the California Supreme Court, in addition to reviewing the documents included in the Petition.

2

Supreme Court do not show any petition for review having been filed by Petitioner.

The dockets for the California Court of Appeal and the California Supreme Court do show a variety of post-appeal habeas filings by Petitioner on a pro se basis. In 2002, he filed a habeas petition in the California Supreme Court (No. S103510), which was denied on May 1, 2002. Over three years later, on November 8, 2005, Petitioner filed a habeas petition in the California Court of Appeal (No. B187017), which was denied on November 17, 2005. On January 11, 2006, he filed a habeas petition in the California Supreme Court (No. S140276), which was denied on September 27, 2006, with citations indicating procedural bases for denial, including for untimeliness.[3]

Two years later, Petitioner filed a habeas petition in the California Court of Appeal (No. B211175), which was denied on October 22, 2008. A week later, on October 30, 2008, he filed a habeas petition in the California Supreme Court (No. S167917), which was denied on April 22, 2009, based on a host of procedural grounds, including for untimeliness.

Over four years later, Petitioner filed habeas petitions in the trial court in August and October 2013, which were denied. Several years later, on April 12, 2017, he filed a habeas petition in the trial court that was denied five days later on the ground that it was successive and failed to state facts establishing a prima facie case. [Petition at 16-17.] Petitioner filed another habeas petition in the trial court on May 15, 2017, that was denied ten days later. Thereafter in 2017, he filed a petition to recall his sentence and additional habeas petitions in the trial court.

On June 12, 2017, Petitioner filed a habeas petition in the California Court of Appeal (No. B283073), and on August 17, 2017, a petition to recall his sentence (No. B284542), both of which were denied on October 19, 2017. On September 24, 2018, Petitioner filed a habeas petition in the California Supreme Court (No.

---

[3] The Order's citation to *In re Robbins*, 18 Cal. 4th 770, 780 (1998), signaled that the petition has been denied as untimely.

3

S251512), which apparently is the same petition that is appended to the instant Petition. On March 13, 2019, the California Supreme Court denied the petition. Based on the first page of the Petition, it appears that Petitioner is seeking habeas relief based on the March 13, 2019 denial of that final state high court petition and the claim raised therein.

## PETITIONER'S CLAIM(S)

Through his Case No. S251512 California Supreme Court habeas petition (as attached to the Petition), Petition raised a single claim. He argued that he was a juvenile when he received his sentence of 25 years to life and that his sentence deprives him of a meaningful opportunity for release and, thus, is the functional equivalent of a sentence of life without parole. Petitioner contends that, under the Supreme Court's decision in *Miller v. Alabama*, 567 U.S. 460 (2012),[4] his sentence therefore violates the Eighth Amendment's prohibition on cruel and unusual punishment. Accordingly, Petitioner exhausted a *Miller* claim in the California Supreme Court and apparently raises one here.

The initial pages of the Petition also include a vague and unexplained reference to "the Factual issues of S.B. 260 and S.B. 261." The Court assumes this is a reference to California Senate Bill 260, which went into effect at the start of 2015, and California Senate Bill 261, which went into effect at the start of 2016. Together, they created and expanded a special parole process for persons who committed their crimes when they were younger than 18 or who were 18 to 22 at the time of their crimes and who already have served specified terms of 15, 20, or 25 years. Such persons will receive Youth Offender Parole Hearings to be considered for release on parole. Petitioner merely cites these two enacted bills at the outset

---

[4] In *Miller*, the Supreme Court held that a state law mandating life imprisonment without parole for someone who was under the age of 18 at the time of his crimes violated this Eighth Amendment prohibition. In *Montgomery v. Louisiana*, 136 S. Ct. 718, 736 (2016), the Supreme Court held that *Miller* is retroactive on collateral review.

4

and on a later, random page, asserts that, pursuant to SB 260, he is "interested in and for children" and "advocates on behalf of youth in the child welfare and juvenile justice systems." The Court notes, however, that Petitioner did file petitions to recall his sentence in the trial court and in the California Court of Appeal and appended a copy of his trial court petition to his state high court habeas petition. [Petition at 86-91.] In that trial court recall petition, he referenced California Penal Code § 1170.126 and SB 260 and asserted that under these provisions, he had the right to have his sentence recalled. Accordingly, liberally construing the Petition, the Court assumes that Petitioner also may be asserting a claim that the trial court erred by failing to grant his petition to recall his sentence.

## PETITIONER'S SENTENCE RECALL/SB 260 CLAIM IS NOT COGNIZABLE

Petitioner's possible claim based on the denial of his petition to recall his sentence fails, because it does not present any basis for federal habeas relief. His assertion that California Penal Code § 1170.126 and SB 260 entitled him to the recall of his sentence is baseless. Section 1170.126 provides a sentence recall procedure only for those persons serving indeterminate life sentences imposed pursuant to the Three Strikes law for a nonserious or nonviolent felony. *See, e.g., People v. Yearwood*, 213 Cal. App. 4th 161, 168 (2013). Petitioner's conviction (murder) plainly does not fall within Section 1170.126's purview and, further, there is no evidence that he was sentenced as a Three Strikes recidivist. SB 260 added California Penal Code § 3051 (later amended by SB 261), which establishes the Youth Offender Parole Hearing procedures; it did not establish any procedure or mechanism for petitioning to recall a sentence. The trial court plainly did not err under state law in rejecting Petitioner's contention that Section 1170.126 and SB 260 entitled him to the recall of his sentence.

Regardless, the failure of the state courts to recall Petitioner's sentence as he

requested is not a cognizable basis for federal habeas relief. "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 112 S. Ct. 475, 480 (1991) (internal citations omitted); *see also Swarthout v. Cooke*, 131 S. Ct. 859, 861 (2011) (*per curiam*) ("'We have stated many times that federal habeas corpus relief does not lie for errors of state law.'") (citation omitted). Generally, a challenge to a state court's application of state sentencing laws does not give rise to a federal question cognizable on federal habeas review. *See Lewis v. Jeffers*, 110 S. Ct. 3092, 3102 (1990); *see also Miller v. Vasquez*, 868 F.2d 1116, 1118-19 (9th Cir. 1989) (claim that offense did not constitute a "serious felony" held not to be cognizable on federal habeas review, because it "is a question of state sentencing law"); *Sturm v. California Youth Authority*, 395 F.2d 446, 448 (9th Cir. 1967) ("a state court's interpretation of its [sentencing] statute does not raise a federal question"). To state a cognizable federal habeas claim based on a claimed state sentencing error, a petitioner must show both that there was state sentencing error and that the error was "so arbitrary or capricious as to constitute an independent due process" violation. *Richmond v. Lewis*, 113 S. Ct. 528, 536 (1992).

Petitioner's apparent challenge to the denial of his request to recall his sentence necessarily fails. Whether or not Petitioner is eligible for the recall of his sentence under state law is purely a state law question, and as no state law error is apparent, federal due process is not implicated. Moreover, and critically, as pleaded, the claim does not allege any federal constitutional error. No matter how liberally the claim is construed, it cannot be read to state a colorable federal constitutional claim and could not do so with amendment. Accordingly, it plainly appears on the face of the Petition that this possibly raised claim is without merit and cannot serve as any basis for federal habeas relief. Aa a result, Rule 4 requires that this claim be dismissed with prejudice.

6

# **PETITIONER'S *MILLER* CLAIM IS UNTIMELY ON ITS FACE**

The one-year limitations period that governs the Petition is set forth in 28 U.S.C. § 2244(d)(1)(A)-(D).[5] Given the nature of the *Miller* claim alleged by Petitioner,[6] it appears that subpart (d)(1)(C) governs the claim, as it affords him a later starting date for his limitations period.[7] The claim rests on the *Miller* decision, which issued on June 25, 2012 – over 18 years after Petitioner was convicted and sentenced. Subpart (d)(1)(C) can apply to provide a later trigger date when a petitioner relies on a constitutional right that the Supreme Court has newly recognized. Assuming, that

---

[5] Through its subparts (A) through (D), Section 2244(d)(1) contemplates four possible triggering dates for the accrual and commencement of a state prisoner's one-year limitations period. The Supreme Court has described these as follows:

> § 2244(d)(1) provides that a "1-year period of limitation shall apply to an application for a writ of habeas corpus." (Emphasis added.) The subsection then provides one means of calculating the limitation with regard to the "application" as a whole, § 2244(d)(1)(A) (date of final judgment), but three others that require claim-by-claim consideration, § 2244(d)(1)(B) (governmental interference); § 2244(d)(1)(C) (new right made retroactive); § 2244(d)(1)(D) (new factual predicate).

*Pace v. DiGuglielmo*, 544 U.S. 408, 416 n.6 (2005).

[6] The Court does not address or resolve the viability (or not) of Petitioner's *Miller* claim but notes that it is difficult to see how Petitioner could establish that his sentence is the functional equivalent of life without parole, given his assertions that he was 17 years old when he committed his crime and received his sentence of 25 years to life approximately one year later (Petition at 88) and the availability of the Youthful Offender Parole Hearing procedure. *See Montgomery*, 136 S. Ct. at 736 (a state may remedy a *Miller* violation – *i.e.,* when a juvenile defendant received mandatory life without parole – with legislation permitting juvenile homicide offenders to be considered for parole); *Demirdjian v. Gipson*, 832 F.3d 1060, 1070 (9th Cir. 2016) (sentence of two consecutive terms of 25 years to life given to juvenile offender was not the functional equivalent of life without parole, even though the petitioner's parole eligibility did not arise until age 66, and *Miller* was not violated); *Tome v. Gastelo*, No. 17-09327-CJC (RAO), 2019 WL 920204, at *4 (C.D. Cal. Feb. 1, 2019) (collecting cases finding that sentences much longer than Petitioner's do not run afoul of *Miller*), adopted by 2019 WL 917051 (Feb. 25, 2019).

[7] Subparts (d)(1)(B) and (D) plainly are inapplicable, and subpart (d)(1)(A), if applied, would cause Petitioner's limitations period to have expired in December 2001. Thus, the Court assumes Petitioner would prefer to receive the later triggering date afforded by subpart (d)(1)(C).

*Miller* constituted a "newly recognized" constitutional right found by the Supreme Court as required under subpart (d)(1)(C), in *Montgomery, supra*, the Supreme Court made *Miller* retroactive. Thus, the requisites of subpart (d)(1)(C) are met.

Even when the conditions of subpart (d)(1)(C) are met, the limitations period trigger date is delayed only to the date of the decision recognizing the new right, not to any later decision finding it to be retroactive. *Dodd v. United States*, 545 U.S. 353, 357 (2005) (so holding as to parallel provision in 28 U.S.C. § 2255); *Allen v. LeGrand*, No. 3:13-cv-00423-MMD-VPC, 2014 WL 4162261, at *3 (D. Nev. Aug. 20, 2014) (so holding). Given that *Miller* was decided on June 25, 2012, Petitioner's Section 2244(d)(1)(C) limitations period for his *Miller* claim commenced running on June 26, 2012, and expired on June 25, 2013, unless it was tolled. *See, e.g., Young v. Biter*, No. CV 16-00520-JLS (RAO), 2016 WL 4770027, at *1 (C.D. Cal. Sept. 12, 2016) (finding *Miller* clam filed on March 22, 2016 – well over two years after the above-noted June 25, 2013 expiration date – to be untimely).

28 U.S.C. § 2244(d)(2) suspends the limitations period for the time during which a "properly-filed" application for post-conviction relief is "pending" in state court. While, as recounted above, Petitioner filed numerous state court habeas petitions, there was a substantial gap in time between his California Supreme Court petition denied in April 2009, and his trial court habeas petitions filed in August and October 2013, and in April 2017, and he had no state habeas proceedings pending during the critical period, namely, while his limitations period ran from June 26, 2012, through June 25, 2013. Thus, the numerous state habeas petitions that Petitioner commenced filing later in 2013 and thereafter, most of them years *after* his limitations period already had expired, cannot serve as a basis for statutory tolling. *See, e.g., Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003) ("because [petitioner] did not file his first state petition until after his eligibility for federal habeas had already elapsed, statutory tolling cannot save his claim in the first

instance"); *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"); *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) (state habeas petition filed "well after the AEDPA statute of limitations ended" did not save federal petition from being untimely).

Therefore, Petitioner's limitations period for his *Miller* claim expired untolled on June 25, 2013, a date that is well over six years before the instant Petition was mailed to the Court. The Petition thus is substantially untimely absent equitable tolling.

The limitations period for Section 2254 petitions is subject to equitable tolling in appropriate circumstances. *Holland v. Florida*, 560 U.S. 631, 645-49 (2010). However, application of the equitable tolling doctrine is the exception rather than the norm. *See, e.g., Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009) (characterizing the Ninth Circuit's "application of the doctrine" as "sparing" and a "rarity"); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) ("equitable tolling is unavailable in most cases"). A habeas petitioner may receive equitable tolling only if he "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (citation omitted); *see also Pace*, 544 U.S. at 418 & n.8. Both elements must be met. *Id.* at 418 (finding that the petitioner was not entitled to equitable tolling, because he had not established the requisite diligence). A petitioner seeking application of the doctrine bears the burden of showing that it should apply. *Id.*; *see also Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (to receive equitable tolling, the petitioner must prove the above two requirements).

Nothing in the Petition or the available record supports finding that equitable tolling applies here to render the Petition timely. It is hard to imagine that any basis for applying the doctrine exists given Petitioner's history of pursuing state court habeas relief at various points in time over the years. In this instance, however, he

9

failed to timely pursue state and federal habeas relief during the time frame that mattered – namely, to act diligently with respect to his *Miller* claim – and he allowed his limitations period for the claim to run unabated.

The Court appreciates that Petitioner is not a trained lawyer. Nonetheless, ignorance of the law and pro se status are not extraordinary circumstances or a basis for equitable tolling. As the federal courts have repeatedly recognized, "[i]t is clear that pro se status, on its own, is not enough to warrant equitable tolling." *Roy v. Lampert*, 476 F.3d 964, 970 (9th Cir. 2006). Ignorance of the law and lack of legal sophistication do not constitute "extraordinary circumstances" warranting equitable tolling. *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (collecting cases from other circuits and holding that "a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance"); *see also Johnson v. United States*, 125 S. Ct. 1571, 1582 (2005) (in the parallel 28 U.S.C. § 2255 context, rejecting a movant/prisoner's attempt to justify his lack of diligence based on his pro se status and lack of legal sophistication, and stating: "we have never accepted pro se representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness"); *Ford v. Pliler*, 590 F.3d 782, 789 (9th Cir. 2009) (observing that the equitable tolling "standard has never been satisfied by a petitioner's confusion or ignorance of the law alone"); *Waldron-Ramsey*, 556 F.3d at 1013 n.4 ("a pro se petitioner's confusion or ignorance of the law is not, itself, a circumstance warranting equitable tolling").

There is nothing in the present record that could establish the requisite extraordinary circumstance that prevented Petitioner from seeking federal habeas relief on a timely basis with respect to his *Miller* claim. There simply is no basis for finding either prong of the equitable tolling doctrine to be met. Accordingly, absent further evidence, the Petition remains untimely by over six years.

\* \* \* \* \*

District courts are permitted to consider, *sua sponte*, whether a petition is

10

untimely and to dismiss a petition that is untimely on its face after providing the petitioner with the opportunity to be heard. *Day v. McDonough*, 547 U.S. 198, 209 (2006); *Wentzell v. Neven*, 674 F.3d 1124, 1126 (9th Cir. 2012). In addition, as noted above, Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires summary dismissal of a Section 2254 petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Accordingly, Petitioner is ORDERED TO SHOW CAUSE why this action should not be dismissed on the grounds of untimeliness (*Miller* claim) and noncognizability (sentence recall/SB 260 claim) By no later than **February 24, 2020**, Petitioner shall file a Response to this Order To Show Cause addressing these issues as follows: (1) if Petitioner concedes that his *Miller* claim is untimely, he shall state so clearly, but if Petitioner disputes that his *Miller* claim is untimely, he must explain clearly and in detail why it is not untimely and provide any available competent evidence that establishes the timeliness of this action; and (2) if Petitioner concedes that his sentence recall/SB 260 claim is not cognizable, he shall state so clearly, but if Petitioner contends that the claim is cognizable, he must explain why.

**Petitioner is explicitly cautioned that his failure to comply with this Order will be deemed to constitute a concession that this action may be dismissed on the grounds of the untimeliness of his *Miller* claim and the noncognizability of his claim based on the denial of his petition to recall his sentence.**

**IT IS SO ORDERED.**

DATED: January 24, 2020

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE

11